```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------x
KEGUN CHEN, Individually and on behalf
of all other persons similarly situated,

                Plaintiff,
                                                    MEMORANDUM AND ORDER
        -against-                                   Case No. 13-CV-4623 (FB) (VVP)

OCEANICA CHINESE RESTAURANT,
INC., d/b/a OCEANICA SEAFOOD
RESTAURANT, XIAGANG WANG, XI
LIU, TIANMING ZHENG, A YE, JOHN
DOES #1-10,

                Defendants.
----------------------------------------------------------x
```

**BLOCK, Senior District Judge:**

On February 28, 2014, Magistrate Judge Pohorelsky issued a report and recommendation ("R&R") recommending that the Court: (1) grant plaintiff's motion for conditional certification of the case as a collective action under Section 216 of the Fair Labor Standards Act ("FLSA"), (2) deny class certification of the New York Labor Law ("NYLL") claims, (3) direct defendants to produce names and personal information for potential opt-in plaintiffs, (4) order a modification of the proposed Notice of Pendency ("Notice"), and (5) order posting of the modified Notice and consent forms in a conspicuous location at defendants' place of business.

The R&R recited that "[a]ny objections to the Report and Recommendation above must be filed . . . within 14 days of receipt of this report," and that "[f]ailure to file objections within the specified time waives the right to appeal any judgment or order

entered by the District Court in reliance on this Report and Recommendation." R&R at 17. On February 28, 2014, the R&R was served on defendants, making objections due by March 14, 2014. To date, no objections have been filed.

If clear notice has been given of the consequences of failure to object, and there are no objections, the Court may adopt the R&R without *de novo* review. *See Thomas v. Arn*, 474 U.S. 140, 149-50 (1985); *Mario v. P & C Food Mkts., Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Where parties receive clear notice of the consequences, failure timely to object to a magistrate's report and recommendation operates as a waiver of further judicial review of the magistrate's decision."). The Court will excuse the failure to object, however, and conduct *de novo* review if it appears that the magistrate judge may have committed plain error. *See Spence v. Superintendent, Great Meadow Corr. Facility*, 219 F.3d 162, 174 (2d Cir. 2000).

The R&R contains no error, let alone plain error. Accordingly, the Court adopts it without *de novo* review. Plaintiff's motion for conditional certification under Section 216 of the FLSA is granted, and his motion for class certification of the NYLL claims is denied. Defendants are ordered to produce the requested list of names, last mailing addresses, alternate addresses, telephone numbers, positions, and dates of employment of all individuals employed by the defendant from September 2012 until the present. The parties are directed to modify and present to the magistrate judge a mutually agreeable collective action notice in accordance with the discussion in the R&R; and defendants are ordered to post the modified Notice, once approved, and consent forms in a conspicuous location at

defendants' place of business.

**SO ORDERED**.

/S/ Frederic Block
FREDERIC BLOCK
Senior United States District Judge

April 2, 2014
Brooklyn, New York