UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
KEGUN CHEN, individually and on behalf of all other          Docket No: 13-CV-4623
employees similarly situated,

                                   Plaintiffs,

                        -against-


OCEANIC CHINESE RESTAURANT, INC. d/b/a
OCEANICA SEAFOOD RESTAURANT, XIAOGANG
WANG, XI LIU, TIANMING ZHENG, A YE,
QINZHOU CHEN, JINPING ZHU, JOHN, DOES #1-10,

                                   Defendants.
---------------------------------------------------------------------x



## MEMORANDUM OF LAW
## IN SUPPORT OF MOTION TO DISMISS


Dated: New York, NY
          September 22, 2017

                                        */s/ Vincent S Wong*
                                        Vincent S. Wong, Esq. (VW9016)
                                        Law Offices of Vincent S. Wong
                                        39 East Broadway, Suite 306
                                        New York, NY 10002
                                        P: (212) 349-6099
                                        F: (212) 349-6599


1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
KEGUN CHEN, individually and on behalf of all other              Docket No: 13-CV-4623
employees similarly situated,

                                    Plaintiffs,

                    -against-


OCEANIC CHINESE RESTAURANT, INC. d/b/a
OCEANICA SEAFOOD RESTAURANT, XIAOGANG
WANG, XI LIU, TIANMING ZHENG, A YE,
QINZHOU CHEN, JINPING ZHU, JOHN, DOES #1-10,

                                    Defendants.
-------------------------------------------------------------------------x


## PRELIMINARY STATEMENT

This memorandum of law is respectfully submitted in support to the Defendant's motion

to dismiss.

## ALLEGATIONS IN THE COMPLAINT and SUMMARY OF THE FACTS

Plaintiffs are individuals who were employed at Oceanica Seafood Restaurant and

located at 37-02 Main Street, Second floor, Flushing, New York 11354. (Compl. ¶ 36 and 37).

Plaintiffs' allege that throughout their employment that they had not received their: (i) agreed-to

wages; (ii) wages for all hours worked; (iii) overtime pay as required by New York Labor Law; and

(iv) spread-of-hour pay for work performed in excess of 10 hours per day and/or when working split

shifts.  (*Id*., ¶ 36). Plaintiffs' allege that they were employed for some period between September

2012 and June 2013. (*Id*., ¶ 8 and 29). Plaintiffs' allege that they worked in excess of 40 hours

per week and were not paid overtime compensation. (*Id*., ¶ 42).

Based upon the above allegations, Plaintiffs asserted claims against each of the

Defendants for unpaid wages, unpaid overtime compensation, liquidated damages, and additional

2

hour of pay for each hour worked in excess of ten hours in one day under N.Y. Labor Law. (*Id.*, ¶ Claims 1-4).

In a prior ruling by this court, the court dismissed Plaintiff's Federal Claims, as Plaintiff provided no evidence of either individual coverage or enterprise coverage of the FLSA, leaving only Plaintiff's New York Labor Law claims in this case. See **Exhibit 1**.  However, the Court was silent on the issue on if it would retain supplemental jurisdiction over the remaining State claims.

At the request of Plaintiffs' counsel, this issue was put on hold while the parties attempted to resolve the remaining claims through settlement discussion. The parties were not able to reach a settlement, and at the direction of the Magistrate Judge, Defendants now move to dismiss the remaining New York State claims for lack of supplemental jurisdiction.

## LEGAL ARGUMENTS

"A district court may decide to refuse to exercise supplemental jurisdiction if (1) the state law claim raises a novel or complex issue of state law, (2) the state law claim substantially predominates over the federal claim, (3) **the district court has dismissed all other claims over which it had federal jurisdiction**, or (4) there are exceptional circumstances." *Blackrock Balanced Capital Portfolio v. HSBC Bank USA, Nat. Ass'n*, 95 F. Supp. 3d 703, 709 (S.D.N.Y. 2015) (emphasis added).

"In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46,57 (2d Cir. 1998). *See also Purgess v. Sharrock*, 33 F.3d 134, 138 (2d Cir.1994); *Baylis v. Marriott Corp.*, 843 F.2d 658, 664–65 (2d Cir.1988).

"Indeed, the court "should ordinarily dismiss the state claims" "[w]hen all bases for federal jurisdiction have been eliminated." B*hd. of Locomotive Eng'rs Div. 269 v. Long Island R.R.,* 85 F.3d 35, 39 (2d Cir.1996) (declining to consider state law wage claim where the court dismissed the federal wage claims); *Louisdor v. Am. Telecomms., Inc.*, 540 F.Supp.2d 368, 374 (E.D.N.Y.2008). Having dismissed all claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction and dismisses the state law claims without prejudice." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (E.D.N.Y. 2010)

"[T]he usual case in which all federal-law claims are eliminated before trial" such that "the balance of factors to be considered ... judicial economy, convenience, fairness, and comity ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 119 (2d Cir. 2006) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). *See also Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir.2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.").

"Once a district court's discretion is triggered under § 1367(c)(3), it balances the traditional "values of judicial economy, convenience, fairness, and comity," *Cohill*, 484 U.S. at 350, 108 S.Ct. 614, in deciding whether to exercise jurisdiction. See *Itar–Tass Russian News Agency v. Russian Kurier, Inc.*, 140 F.3d 442, 446–47 (2d Cir.1998).

In weighing these factors, the district court is aided by the Supreme Court's additional guidance in *Cohill* that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." 484 U.S. at 350 n. 7, 108 S.Ct. 614; *see also Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 ("Needless decisions of state law should be avoided both as a matter of comity and

4

to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... [I]f the federal law claims are dismissed before trial ... the state claims should be dismissed as well.”).” *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

“*Robertson v. The Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir.1998)(district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state law claims after granting summary judgment to defendants on federal claims); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802–03 (6th Cir.1996)(same).” *In re Masterwear Corp.*, 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999).

In this case, Plaintiff provided no evidence to support any of its federal claims, no evidence to show that either individual coverage or enterprise coverage of the FLSA was appropriate in this case, and its federal claims were dismissed. With only New York state law claims remaining this Court should decline to exercise supplemental jurisdiction and allow the New York state claims to be pursued in New York state court.

As the Court have regularly held “where the federal claims are dismissed before trial, the state claims should be dismissed as well.”  In weighing the factors of comity, fairness, judicial economy, and convenience, no factor favors the court retaining supplemental jurisdiction in this case.

“[D]ecisions of state law should be avoided both as a matter of comity and to promote justice between the parties.” *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130. Comity and fairness, both favor that the New York State court make a decision on New York State Statute and Law.

 “Other factors counsel in favor of declining supplemental jurisdiction over the Plaintiff's state law claims. In particular, the viability of these pendent state claims is purely a matter of

state law which invariably will benefit from adjudication by the final authority on issues of New York state law, namely the New York state courts." *Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 461 (E.D.N.Y. 2015)

As to judicial economy, this factor also favors dismissal of the New York State claims. New York state courts are best fit to handle issues of New York State law, and are better equipped to do so with less work required by the court.

Additionally, this case is not trial ready. No Final Joint Pretrial Memorandum, or any Pretrial filings, have been filed with the Court, no trial date has been set, and no jury selected.

In *In re Masterwear Corp.*, 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999), the court noted that declining to exercise supplemental jurisdiction was appropriate when the case was not trial ready, after granting summary judgment to defendants on the federal claims.

To the extent that Plaintiff might argue that discovery is already complete and to re do this would waste resources, the Court previous noted in its summary judgment decision, "the record before the court is notably sparse"[1], such that there would be minimal delay or use of resources for discovery in State court, as this sparse record could be easily exchanged.

As to convenience, the Queens County New York Supreme Court, the location where this case would most likely be refiled, would most likely be more convenient for the Plaintiffs, as the court would be in the same county/borough where they allege they worked (and presumably lived), unlike this court which is located over 12 miles from where all Plaintiffs allege they worked. It should also be noted that Plaintiff's counsel's office is also located in Queens, and Queens County New York Supreme Court would likely be more convenient for them as well.

There would be no prejudice to Plaintiffs in dismissing the New York state claims, other than minor delay, as all of Plaintiffs' New York state claims are still within the applicable New

---

[1] Page 3 of Exhibit 1

York Statute of Limitations of 6 years. Additionally, 28 U.S.C. § 1367(d), would toll said statute of limitations by at least 30 days, even if there was an issue.

The courts have regularly held that "delay alone is not a sufficient basis for establishing prejudice." *Murray Eng'g, P.C. v. Windermere Properties LLC*, No. 12 CIV. 0052 JPO, 2013 WL 1809637, at *5 (S.D.N.Y. Apr. 30, 2013) (*citing Davis v. Musler,* 713 F.2d 907, 916 (2d Cir.1983)).

The incurrence of cost does not establish prejudice. Nor does mere delay, without more, constitute prejudice. *United Overseas Bank v. Marchand*, 87 Civ. 8572(RJW), 1996 WL 695902, *9, 1996 U.S. Dist. LEXIS 17809, at *25 (S.D.N.Y. Dec. 4, 1996)

Based on the foregoing, the factors in this case favor that the court does not exercise supplemental jurisdiction over the remaining New York Labor Law claims, and that this case be dismissed.

**CONCLUSION**

For all the foregoing reasons, Defendants' Motion to Dismiss should be granted in all respects.

Dated: New York, NY
        September 22, 2017

/s/ Vincent S Wong
Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
P: (212) 349-6099
F: (212) 349-6599

7