UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KEGUN CHEN, individually and on behalf of all
other employees similarly situated,

                    Plaintiff,

                 -against-

OCEANICA CHINESE RESTAURANT, INC.
d/b/a OCEANICA SEAFOOD RESTAURANT,
ZHIGANG WANG, XI LIU, TIANMING
ZHENG a.k.a. TIN CHENG, A YE, QINZHOU
CHEN, JINPING ZHU, and JOHN DOES #1-10,

                    Defendants.
------------------------------------------------------------------X

**MEMORANDUM & ORDER**

13-CV-4623 (NGG) (PK)

NICHOLAS G. GARAUFIS, United States District Judge.

This memorandum and order concerns supplemental jurisdiction, the interpretation of 28 U.S.C. § 1367(c)(3), and the meaning of the word "all."

In this action, Plaintiff Kegun Chen sought to certify an opt-in collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et. seq., on behalf of himself and other similarly situated employees against Defendants Oceanica Chinese Restaurant, Inc. ("Oceanica") and several of Oceanica's purported owners, shareholders, and managers (collectively, "Defendants"). (See Compl. (Dkt. 1); Am. Compl. (Dkt. 60).) Plaintiff also raised various individual and class claims under Article 19 of the New York Labor Law ("NYLL"), N.Y. Lab. Law § 650 et seq. (See Compl.; Am. Compl.) On March 31, 2016, this court granted summary judgment in favor of Defendants Qinzhou Chen and Jinping Zhu on all claims, including common-law cross-claims brought by Oceanica and Xi Liu. (See Mar. 31, 2016, Mem. & Order ("M&O") (Dkt. 117) at 1-2.) The court also granted Liu summary judgment as to Plaintiff's

1

FLSA claims but denied her motion as to Plaintiff's NYLL claims. (See id.) The court "[did] not reach the claims or cross-claims brought against Oceanica, Wang, Zheng, or Ye." (Id. at 24.)

Before the court is Liu's motion to dismiss Plaintiff's case against her on the grounds that all remaining claims sound in state law and that the court should accordingly decline to exercise supplemental jurisdiction. (Mot. to Dismiss ("Mot.") (Dkt. 128); Mem. in Supp. of Mot. ("Mem.") (Dkt. 128-1).) For the following reasons, the court DENIES the motion to dismiss.

I. BACKGROUND

The court assumes familiarity with the procedural history of this case (see M&O at 6-7) as well as the underlying substantive claims and facts of the case (see id. at 2-5).

A. The Claims

In his amended complaint, Plaintiff stated claims under the FLSA and the NYLL against all Defendants.[1] In their answer to the amended complaint, Liu and Oceanica[2] filed cross-claims against Defendants Qinzhou Chen, Zhu, Zheng, and Ye, alleging common-law conspiracy, fraud, unjust enrichment, breach of fiduciary duty, and conversion. (Answer to Am. Compl. (Dkt. 71).)

On Defendants' motion for summary judgment, the court disposed of all claims, including the cross-claims, against Qinzhou Chen and Zhu, as well as Plaintiff's FLSA claims against Liu. The court did not analyze Plaintiff's claims under either statute against Oceanica,

---

[1] Originally, Plaintiff sought certification of a state-law wage-and-hour class under Federal Rule of Civil Procedure 23. (Compl.) On April 2, 2014, District Judge Frederic Block adopted in full a report and recommendation issued by Magistrate Judge Viktor Pohorelsky denying class certification as to the NYLL claims because Plaintiff had not met the Rule 23(a) numerosity or adequacy requirements, or the Rule 23(b) predominance requirement. (Order Adopting R&R (Dkt. 52); see also R&R (Dkt. 48) at 7-12.) Although Plaintiff's amended complaint restated his desire for class certification as to the NYLL claims (Am. Compl. ¶¶ 2, 28-35), he did nothing to respond to Judge Pohorelsky's reasons for recommending the denial of class certification. The court accordingly noted in its last opinion that "Plaintiff has not yet renewed his motion for class certification as to the NYLL claims" (M&O at 6), something which remains true.

[2] Although Oceanica initially answered the complaint, its counsel subsequently withdrew from the representation and the Clerk of Court has noted Oceanica's default. (See M&O at 7-8; Entry of Default as to Oceanica and Wang (Dkt. 125).)

2

Wang, Zheng, or Ye (collectively, the "Defaulting Defendants") because those defendants were in default. (See M&O at 7-8.) The court additionally did not reach the cross-claims against Zheng and Ye, both of whom had failed to respond to the amended complaint. (See M&O at 7, 24.) The court noted that Oceanica, which had not retained counsel, could not maintain these cross-claims pro se. (Id. at 21.)

At this point, then, the following claims remain in this action: Plaintiff's NYLL claim against Liu; Plaintiff's FLSA and NYLL claims against the Defaulting Defendants; and the common-law cross-claims against Zheng and Ye.

### B. Defaulting Defendants

As alluded to above, some of the defendants have not appeared in this action, and others have appeared but still failed to respond to the amended complaint. (See M&O at 7-8.) After the filing of the complaint, but prior to the filing of the amended complaint, Plaintiff requested, and the Clerk of Court entered, certificates of default against Zheng and Ye. (Clerk's Entry of Default as to Ye and Zheng (Dkt. 28).) Subsequent to the issuance of the M&O, Plaintiff additionally requested and received certificates of default against Oceanica and Wang. (Clerk's Entry of Default as to Oceanica and Wang (Dkt. 125).) Although Plaintiff has stated his intention to move for a default judgment against the Defaulting Defendants (see July 5, 2016, Min. Entry), he has not yet done so because of his desire to "wait until [the issue of subject-matter jurisdiction] was resolved before formally moving for default judgment." (Pl. May 12, 2017, Letter (Dkt. 126).)

## II. LEGAL STANDARD

Courts determine whether to exercise supplemental jurisdiction over state-law claims using the framework established by 28 U.S.C. § 1367. To trigger supplemental jurisdiction, a

claim must be "so related to claims in the action . . . that they form part of the same case or controversy." § 1367(a); see also United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966) (holding that state and federal claims must stem from "a common nucleus of operative fact"). Once a claim passes this threshold consideration, supplemental jurisdiction is mandatory unless the claim falls into one of four enumerated exceptions:

> (1) the claim raises a novel or complex issue of State law,
>
> (2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
>
> (3) the district court has dismissed all claims over which it has original jurisdiction, or
>
> (4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

§ 1367(c) (emphasis added); Itar-Tass Russian News Agency v. Russian Kurier, Inc., 140 F.3d 442, 447 (2d Cir. 1998). If one of the § 1367(c) exceptions applies, the court may decide to decline jurisdiction over the state-law claims but only after considering whether such a decision upsets the interests of "judicial economy, convenience, fairness, and comity." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 351 (1988); see Catzin v. Thank You & Good Luck Corp., — F.3d —, 2018 WL 3747364, at *6 (2d Cir. Aug. 8, 2018).

Essentially, exercising supplemental jurisdiction over a state-law claim depends on three questions. Does the claim fall into a common nucleus of operative fact with other remaining federal claims? If so, does the claim meet one of the four exceptions under § 1367(c)? And, if so, is it convenient and fair to the parties to exercise supplemental jurisdiction over the claim as well as efficient and respectful to state and federal interests?

## III. APPLICATION

Before the court is Liu's motion to dismiss Plaintiff's NYLL claim against him. (Mot.) Liu argues that, under § 1367(c)(3), "[i]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well." (See Mem. at 2 (internal citations omitted).) Plaintiff, however, argues that the court must continue to exercise supplemental jurisdiction over the NYLL claim against Liu given that the court has not resolved the FLSA claims against the Defaulting Defendants. (Pl. Mem. in Opp'n to Mot. (Dkt. 129).) Essentially, the litigants disagree over whether the language of § 1367(c)(3) refers to all federal claims in the case or all federal claims against the defendant. Because a fair reading of § 1367(c)(3) compels the former definition, the court DENIES Liu's motion.

### A. Common Nucleus of Operative Fact

Plaintiff's NYLL claim against Liu falls into the same common nucleus of operative fact as Plaintiff's federal claims against the Defaulting Defendants. Both claims involve allegations that Liu and the Defaulting Defendants were "employers" who denied Plaintiff wages and overtime payment (see Am. Compl. ¶¶ 1-2) when Plaintiff worked as a chef at Oceanica in mid-2013 (see Pl. Decl. (Dkt. 36) ¶ 1). The contested facts in these claims thus all stem from the same time period, the same location, and the same overall circumstance—in other words, because the allegations in both the FLSA claims against the Defaulting Defendants and the NYLL claim against Liu share "approximately the same set of events," they are considered to be part of a common nucleus of operative fact. See Treglia v. Town of Manlius, 313 F.3d 713, 723 (2d Cir. 2002). Moreover, the legal standards for analyzing Plaintiff's claims related to overtime payment, including exemptions thereto, are identical under FLSA and the NYLL. See N.Y. Comp. Codes R. & Regs., tit. 12, § 142-3.2 ("[A]n employer shall pay employees [overtime

5

wages] subject to the exemptions of Section 13 of the Fair Labor Standards Act . . . ."); see also Reiseck v. Universal Commc'ns of Miami, Inc., 591 F.3d 101, 105 (2d Cir. 2010) ("The NYLL . . . mandates overtime pay and applies the same exemptions as the FLSA."). It is therefore no surprise that, in cases with overlapping FLSA and NYLL claims, federal courts generally exercise supplemental jurisdiction. See, e.g., Shahriar v. Smith & Wollensky Rest. Grp., Inc., 659 F.3d 234, 245 (2d Cir. 2011) ("[T]he NYLL and FLSA actions clearly derive from such a common nucleus of operative facts since they arise out of the same compensation policies and practices").

Here, the remaining NYLL claim against Liu forms part of the common nucleus of operative fact as the remaining federal FLSA claims against the Defaulting Defendants since the allegations stem from approximately the same set of events and under similar legal standards. As a result, this court <u>must</u> exercise supplemental jurisdiction over the NYLL claim unless Liu can successfully demonstrate that the state claim against her falls under one of the § 1367(c) exceptions.

### B. Exceptions to Supplemental Jurisdiction under § 1367(c)

Liu argues that, according to § 1367(c)(3), the court has discretion to dismiss Plaintiff's NYLL claim against her because "the district court has dismissed <u>all</u> claims over which it has original jurisdiction" and "the court should ordinarily dismiss state claims when all bases for federal jurisdiction have been eliminated."[3] (Mem. at 4 (internal quotation marks and citations omitted).)

---

[3] Liu moves for dismissal solely under 28 U.S.C § 1367(c)(3). (See Mem. at 4.) Even if she were to move under the other exceptions, her motion would fail. First, the state claim does not raise a complex issue of state law under § 1367(c)(1); this case will hinge on Plaintiff's ability to prove that all Defendants were "employers," a claim that does not raise novel issues of state law. (See M&O at 14, 20-21.) Nor does the claim substantially predominate the federal claims over which the district court has original jurisdiction under § 1367(c)(2). In such instances, the state claim must "constitute the real body of the case, to which the federal claim is only an appendage." Gibbs, 383 U.S. at 727. Here, four FLSA federal claims remain in the case and these claims center on the same state allegations of

6

Liu's argument relies on a misreading of the statute: "All claims" does not mean all claims against one defendant; "all claims" means all claims in the case stemming from a common nucleus of operative fact. See Oladokun v. Ryan, No. 06-CV-2330 (KMW), 2011 WL 4471882, at *11 (S.D.N.Y. Sept. 27, 2011) ("[§ 1367(c)(3)] does not apply in a situation where federal claims remain in the litigation, even if those claims have been dismissed against one of the parties involved."); Wilson v. Roberson, No. 92-CV-2709 (KMW), 1993 WL 119695, at *2 (S.D.N.Y. Apr. 14, 1993) ("The relatedness of the claim, rather than the identity of the party against whom the claim is asserted, determines the court's jurisdiction."). As Judge Wood aptly noted, this conclusion follows naturally from the plain language of the statute, which "appears to preclude the application of [discretion to decline to exercise jurisdiction] in a case when any claim arising under federal law remains, regardless of the identity of the party against whom the claim lies." Oladokun, 20111 WL 4471882, at *11. Furthermore, if the court had discretion to dismiss a state claim against one defendant while retaining jurisdiction over the remaining related federal claims, "cases with a common nucleus of operative fact [would be left] split between federal and state courts," something that runs counter to the purpose of the statute. Id. In order to trigger the § 1367(c)(3) exception to supplemental jurisdiction, the court therefore must have dismissed all federal claims arising out of a common nucleus of operative fact with the remaining state claims.

---

under compensation and unpaid labor. Cf. Garro v. Connecticut, 23 F.3d 734, 737 (2d Cir. 1994) (approving a district court's decision to decline supplemental jurisdiction when "all but an insubstantial federal claim" remains); Occunomix Int'l LLC v. N. Ocean Ventures, Inc., No. 02-CV-6047 (GEL), 2003 WL 22240660, at *1 (S.D.N.Y. Sept. 30, 2003) (declining supplemental jurisdiction over state claims that dominate 49 pages of a 50-page complaint). This case could, in theory, be classified as an "exceptional" circumstances exception under § 1367(c)(4) but this is unlikely since the facts of this case do not rise to the level of exceptionality required to trigger § 1367(c)(4). See Itar-Tass., 140 F.3d at 448; c.f., SST Global Tech. LLC v. Chapman, 270 F.Supp. 2d 444, 459 (S.D.N.Y. 2003) (determining that exceptional circumstances exist when a plaintiff files the same state claims in both state and federal courts). Thus, the only relevant issue in this case is whether the district court has dismissed all claims over which it has original jurisdiction as instructed by § 1367(c)(3).

Applying this understanding of § 1367(c), Liu's motion must fail. It is inarguable that pending federal claims against the Defaulting Defendants remain in the case. (See M&O at 24.) Though this court has entered a certificate of default against the Defaulting Defendants, the court has not decided or dismissed these claims. (See Clerk's Entry of Default (Dkt. 28); Clerk's Entry of Default (Dkt. 125).) Entry of default—a "ministerial step" that does not turn on the merits of the claim—does not trigger the § 1367(c)(3) exception. See Fed. R. Civ. P. 55(a); City of New York v. Mickalis Pawn Shop, LLC, 645 F.3d 114, 128 (2d Cir. 2011) ("[E]ntry of default is a ministerial step to be performed by the clerk of court."). Even if this court had entered a default judgment, that judgment would not necessarily amount to a dismissed claim for purposes of § 1367(c)(3). See Morin v. Empiyah & Co., 389 F. Supp. 2d 506, 511 (S.D.N.Y. 2005).

Liu does not really dispute any of this, instead arguing that dismissal is proper because Plaintiff has "not met [his] burden of establishing either individual or enterprise coverage under the FLSA." (Mem. at 3 (quoting M&O at 18).) But this is beside the point: The relevant question is not whether Plaintiff's claims against Liu or the Defaulting Defendants are likely to succeed, but rather whether they have been dismissed (they have not) and whether they form a common nucleus of operative fact (they do). Thus, the default entries against the Defaulting Defendants do not alter this court's § 1367(c)(3) analysis because the claims against these defendants have not been dismissed.[4]

Because the NYLL claim against Liu forms a common nucleus of operative fact with these remaining federal claims, the court has no discretion to decline supplemental jurisdiction over the NYLL claims against Liu under § 1367(c)(3).

---

[4] Insofar as Liu's motion is construed to request dismissal of the NYLL claims against all defendants (see Mem. at 3 ("Defendants now move to dismiss the remaining New York State claims for lack of supplemental jurisdiction." (emphasis added))), the court obviously denies this request. If the Defaulting Defendants wish to challenge any of Plaintiff's claims against them, they may enter an appearance in this case and submit an appropriate motion.

8

## C. The Supplemental-Jurisdiction Factors

Finally, even if the court had discretion to decline supplemental jurisdiction over the state claim against Liu, it would be improper to do so. When deciding to decline supplemental jurisdiction, the court must "meaningfully balance" whether declination would serve the interests of judicial economy, convenience, fairness, and comity. Catzin, — F.3d —, 2018 WL 3747364, at *7; see Cohill, 484 U.S. at 351; Kolari v. N.Y. Presbyterian Hosp., 455 F.3d 118, 122 (2d Cir. 2006). Here, severing jurisdiction over state NYLL claims and federal FLSA claims would force Plaintiff to litigate in two forums. This split would leave claims with a common nucleus of operative fact straddled between federal and state courts, something that would inconvenience all parties involved and could lead to wasted judicial resources. Additionally, if the Defaulting Defendants ended up appearing in this case, conflicting judgments between state and federal courts could arise. The resulting fragmented litigation would unfairly deprive the Defaulting Defendants of a chance to protest their entries of default and would inconvenience Plaintiff, who would have to invest more resources to litigate claims stemming from the same "common nucleus of operative fact" in two forums. Finally, the interests of judicial economy support consolidating all claims in one proceeding, especially where, as here, the claims involve common evidence arising from the same set of events. See Delaney v. Bank of Am., 766 F.3d 163, 170 (2d Cir. 2014) (finding that supplemental jurisdiction is proper when claims are based on the same set of events and derive from a common nucleus of operative fact).

## IV. CONCLUSION

The court DENIES Defendant Xi Liu's motion to dismiss (Dkt. 128). Plaintiff is DIRECTED either to move for a default judgment against the Defaulting Defendants or to dismiss the Defaulting Defendants from this case by no later than 30 days after the date of this memorandum and order. All parties appearing in this case are DIRECTED to proceed with settlement negotiations before Magistrate Judge Kuo.

SO ORDERED.

Dated: Brooklyn, New York
August 17, 2018

s/Nicholas G. Garaufis
NICHOLAS G. GARAUFIS
United States District Judge